```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

JAMES L. REYNOLDS et al.                    CIVIL ACTION

VERSUS                                      NO: 05-4158

THE CITY OF NEW ORLEANS et al.              Section: (J)(1)

**ORDER**

Before the Court is the **Motion for Judgment on the Pleadings Pursuant to Rule 12(C) or, Alternatively, for Summary Judgment Pursuant to Rule 56** filed by Defendants the City of New Orleans and the Director of the Office of Emergency Preparedness for the City of New Orleans, Terry Ebbert **(Rec. Doc. 63)**. This motion was opposed and was set for hearing on September 27, 2006. It is now before the Court on the briefs alone.

Having reviewed the memoranda of counsel and applicable law, the Court finds that no material fact issues are in dispute that preclude summary judgment or, alternatively, the granting of the motion for judgment on the pleadings.

(1) During a September 27, 2005 status conference, counsel for Plaintiff acknowledged that the Mayor of the City of New Orleans, Ray Nagin, had legal authority under state law, La. R.S. 29:727, to "[d]irect and compel the evacuation of all or part of the population from any stricken or threatened area within the boundaries of the parish if he deems this action necessary for mitigation, response, or recovery measures."

(2) Pursuant to this authority, Mayor Nagin issued an emergency evacuation order on August 28, 2005.

(3)   Plaintiffs admit that the evacuation order was legal; however, they assert that it was enforced in an unconstitutional manner because of lack of due process of law or lack of equal protection.

(4)   Plaintiff James L. Reynolds, Jr. claims that he was forced to evacuate after Hurricane Katrina and, although his home was not flooded, was prevented from returning to his home and property.  Plaintiffs Howard M. and Lydia Schmalz claim that they evacuated before Hurricane Katrina and were unable to return to their home. These plaintiffs contend that, consequently, they were unable to take appropriate steps to secure their home from additional damage.  Plaintiff F. Lange claims that on September 8, 2005, a Louisiana State Police Officer and seven California Highway patrol officers forced him to go with them to the Convention Center despite his objections thereto and despite his statements that he had enough food and water for thirty days. Plaintiff Lange claims that he was allowed to leave the Convention Center later that same day and return to his residence; however, he states that he was afraid to go outside.

(5)   For reasons to be explained more fully in a subsequent order, the Court finds that Plaintiffs have failed to allege a deprivation of a constitutional right by Defendants the City of New Orleans or Terry Ebbert.

(6)   Even assuming that a violation of a constitutional right did occur, this Court finds that Ebbert is entitled to qualified immunity.

Accordingly,

**IT IS ORDERED** that **Motion for Judgment on the Pleadings Pursuant to Rule 12(C) or, Alternatively, for Summary Judgment Pursuant to Rule 56 (Rec. Doc. 63)** should be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Protective Order (Rec. Doc. 64)** should be and hereby is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Unopposed Ex Parte Motion to Continue Pretrial Conference and Trial on the Merits (Rec. Doc. 79)** should be and hereby is **DENIED as MOOT**.

New Orleans, Louisiana this the 10th day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE